IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-01884-RBJ

RICHARD LEE GOODFACE, a/k/a Richard L. Rieger,

    Applicant,

v.

U.S. ATTORNEY GENERAL,
BUREAU OF PRISONS,
U.S. MARSHALS,

    Respondents.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Application") filed *pro se* by Applicant, Richard Lee Goodface on July 25, 2018. Mr. Goodface is currently incarcerated at the Clear Creek Correctional Facility in Olney Springs, Colorado. In the Application, Mr. Goodface challenges the computation of his federal sentence, contending he should receive pre-sentence and post-sentence credit. On September 12, 2018, Respondents were ordered to show cause why the Application should not be granted. (ECF No. 17). On October 3, 2018, the Court appointed counsel for Mr. Goodface. (ECF No. 26). Although the counsel initially appointed for Mr. Goodface withdrew, another attorney was appointed for him on October 24, 2018. (ECF No. 35). On October 3, 2018, Respondents filed a Response to Application for Writ of Habeas Corpus. (ECF No. 27).

1

On February 1, 2019, Mr. Goodface, through counsel, filed a "Reply in Support of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (Doc. 1)." (ECF No. 44). Respondents filed a Sur-Reply on February 22, 2019. (ECF No. 47). After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed with prejudice.

## I.  BACKGROUND

The record establishes the following relevant facts:

- March 22, 2016, Applicant began serving a 5-year mandatory parole term in a Colorado state criminal case. (*See* ECF No. 44 at 1).

- June 24, 2016, Applicant was arrested for violating the conditions of his parole and he was charged with new state offenses. (ECF No. 27-1 at ¶ 5 & ECF No. 27-2 at 2).

- August 24, 2016, Applicant was indicted on federal charges of possession of a firearm by a prohibited person. (ECF No. 27-1 at ¶ 6 & ECF No. 27-2 at 4); *see also United States v. Goodface*, 16-cr-00283-WJM.  The state charges against him based on this same conduct were later dismissed.

- August 30, 2016, Applicant was transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. (ECF No. 27-1 at ¶ 7 and ECF No. 27-2 at 11-12).

- February 22, 2018, following Applicant's guilty plea, he was sentenced in the U.S. District Court for the District of Colorado to a 28-month term of imprisonment. (ECF No. 27-1 at ¶ 9 and ECF No. 27-2 at 19-25).  The judgement was silent as to whether the sentence was to be served concurrently or consecutively to his remaining state sentence. (ECF No. 27-2 at 19-25).  The judgement does recommend to the BOP that Mr. Goodface "be given credit for time served . . . ." (*Id.* at 20).

- March 28, 2018, Applicant's state parole was revoked and he was remanded back to the CDOC for the remainder of his initial sentence for which he had been on parole. (ECF No. 27-1 at ¶ 10 and ECF No. 27-2 at 2 & 27-31).

- April 4, 2018, Applicant was returned to state custody. (ECF No. 27-1 at ¶ 11).

- September 5, 2018, following a query from the BOP as to whether Applicant's federal sentence was to be served concurrently or consecutively to Applicant's remaining state sentence, United States District Judge Martinez responded in a Letter that the federal sentence was to run concurrently with his existing state sentence. (ECF No. 27-1 at ¶ 13 and ECF No. 27-2 at 33-34 & 36).

- March 4, 2020, is the BOP's computation of Applicant's federal release date, which is calculated based on a starting date of February 22, 2018, the date of his federal sentence. (ECF No. 27-1 at ¶ 16 and ECF No. 27-2 at 38-39).

According to Respondents, Mr. Goodface's federal sentence began on February 22, 2018, the date of his sentencing, and he was not awarded with any prior custody credit because the time from August 30, 2016 (when he was transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*) through February 22, 2018, was already credited against his state parole revocation term. (ECF No. 27 at 7-8). Respondents assert that based on the current calculation, Applicant is scheduled for release from BOP custody on March 4, 2020. *Id.* at 7.

Mr. Goodface argues that he should receive presentence confinement credit from August 30, 2016, through February 21, 2018 (the day before he was federally sentenced). According to Mr. Goodface, he was continuously in the physical custody of the U.S. Marshals Service during that time. (ECF No. 44 at 2). He further argues that he was not serving any state custodial sentence during that time (August 30, 2016 through February 21, 2018) because his state parole had not yet been revoked. He also argues that he was not given confinement credit for the time period at issue

because the State of Colorado considers the time period from March 26, 2016 to March 28, 2018 (date his state parole was revoked) as being "on the streets" on parole. (ECF No. 44 at 4 (citing ECF No. 27-2 at 29 and ECF No. 44-1 ¶¶ 9-12)).

Respondents contend that the BOP correctly calculated Mr. Goodface's sentence by determining that (1) his federal sentence commenced on February 22, 2018, the date he was sentenced in his federal case; and (2) he is not entitled to receive credit on his federal sentence for the period prior to February 22, 2018, because he received credit on his state sentence for the entire period of time from August 30, 2016 through February 22, 2018.

## II. ANALYSIS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Attorney General, through the BOP, is responsible for calculating a federal prisoner's sentence in accordance with 18 U.S.C. § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue

involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue involves credit for presentence custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

**A. Commencement of Federal Sentence**

As already discussed, on February 22, 2018, Mr. Goodface was sentenced in his federal case to 28-months in custody of the BOP, to be served concurrently to his remaining state sentence. *See United States v. Goodface*, 1:16-cr-00283-WJM-1 at ECF Nos. 68, 69 & 83. In his Reply, filed though counsel, Mr. Goodface apparently concedes that his federal sentence commenced on February 22, 2018. (ECF No. 44).

Therefore, the Court finds that the BOP has correctly determined that Mr. Goodface's federal sentence commenced on February 22, 2018, the date he was sentenced on his federal charges. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

**B. Credit for Prior Custody**

Mr. Goodface argues that he should receive credit for the time he spent in federal custody prior to receiving his federal sentence.

Section 3585(b) prohibits awarding credit for prior custody if the time has been credited against another sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). Thus, "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337; *see e.g.*, *Falan v. Gallegos*, 38 Fed. Appx. 549, 552 (10th Cir. 2002) (unpublished) ("since that time was presumably credited against [the plaintiff's] state sentence, it cannot qualify under the plain language of 18 U.S.C. § 3585(b)").

Applicant argues that the CDOC treated the time Applicant was released on parole, on March 26, 2016, through the date his parole was revoked, March 28, 2018, as if he was "on the streets." Therefore, Applicant argues that he was not serving a state term of confinement at the time he was detained by federal authorities and he should receive credit for such time on his federal sentence.

Respondents argue that Applicant is not entitled to any credit prior to his federal sentencing date because he received credit for such time on his remaining state sentence. Respondents have submitted to the Court the declaration of Dawn L.

6

Giddings, an employee of the BOP who works in the area of sentence computations. (ECF No. 27-1). Ms. Giddings states that the state Parole Division "did not relinquish their jurisdiction of Applicant to the U.S. Marshals Service at any time." (ECF No. 27-1 at 4). In addition, Ms. Giddings attached numerous exhibits in support of her declaration, including a CDOC Official Time Computation for Mr. Goodface (ECF No. 27-2 at 29-32), which supports Respondents' contention that Applicant received credit for the time period from June 24, 2016 (date of his arrest for parole violations) through March 28, 2018 (date his parole was revoked) to his state parole revocation term.

The Respondents' arguments and the exhibits are supported by Colorado law regarding credit for presentence confinement. According to C.R.S. §18-1.3-405, "[a] person who is confined pending a parole revocation hearing is entitled to credit for the entire period of such confinement against any period of reincarceration imposed in the parole revocation proceeding. The period of confinement shall be deducted from the period of reincarceration by the department of corrections." *See also People v. Norton,* 63 P.3d 339, 344 (Colo. 2003); *People v. Hays*, 817 P.2d 546, 547 (Colo. App. 1991) (because defendant was on parole when he committed a new offense, whether he was in or out of physical confinement, he continued to serve out his previous sentence and could not receive pre-sentence confinement credit for incarceration based on the new offense, even when his parole was not yet revoked). This is consistent with the declaration of Mary Carlson, CDOC's Time & Release Operations Manager, which was provided by Applicant. (ECF No. 44-1). In her declaration, Ms. Carlson explains that:

> During the period of mandatory parole, the parolee receives day-for-day credit for time spent "on the streets" as well as

> day-for-day credit for any periods of time the parolee may spend incarcerated as a result of a parole revocation. For example, a parolee with a 5-year term of mandatory parole might serve 4 years of that parole term "on the streets" and 1 year of that parole term incarcerated following a parole revocation.

(ECF No. 44-1 at 3). Therefore, regardless of the fact that the time Applicant spent in custody prior to revocation of his parole was considered time "on the streets," Applicant did receive credit for the time on his state parole revocation sentence.

Additionally, the fact that Mr. Goodface's federal and state sentences run concurrently does not entitle him to any credit for pretrial incarceration against his federal sentence. *Kinslow v. Wands*, 432 F. App'x 788, 789 (10th Cir. 2011) ("Because Mr. Kinslow received credit for his pretrial incarceration on his state sentence, he is not entitled to any additional credit against his federal sentence [even though the sentences run concurrently.]"); *see also Vaughn v. Smith*, No. CV 11-0852-PHX-JAT, 2012 WL 996542, at *4 (D. Ariz. Mar. 23, 2012) (federal sentence ordered to run concurrently with state sentence does not entitle Applicant to presentence confinement credit for time period that was credited to state sentence). Based on the federal sentencing statute, Mr. Goodface's federal sentence could not begin to run before it was imposed and even though his federal sentence runs concurrently with his state sentence, he could not be given credit for presentence confinement because that time had been credited to his state sentence. *See Tilson v. Walton*, No. 12-CV-255-CJP, 2014 WL 503860, at *1–2 (S.D. Ill. Feb. 7, 2014) ("[T]he fact that his federal sentences were to run concurrently with his state sentence does not . . . require the BOP to calculate his federal sentence from the date of arrest.").

Furthermore, the Court notes that any time Mr. Goodface was in federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*, the State of Colorado retained primary custody. *See Weekes*, 301 F.3d at 1181 (noting that the use of an *ad prosequendum* writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody). The State of Colorado, therefore, did not relinquish its primary custody over Mr. Goodface at any time prior to his federal sentence being imposed.

Thus, the Court concludes that the time Mr. Goodface spent in custody between June 24, 2016 (the date of his arrest) and February 22, 2018 (the date of his federal sentence) was credited toward his state sentence. Pursuant to 18 U.S.C. § 3585(b), Mr. Goodface cannot also receive credit for that time against his federal sentence. *See e.g., Esquivel v. Warden, F.C.I, El Reno,* 462 Fed. Appx. 825, 826-27 (10th Cir. Feb. 14, 2012).

Given these circumstances, the BOP has properly determined that Mr. Goodface's federal sentence commenced on February 22, 2018, the date he was sentenced on his federal charges, and that he cannot receive credit toward his federal sentence for the time he spent in official detention prior to that date because that time already has been applied to his state sentence. Based on the foregoing, the Court concludes there is no basis to disturb the BOP's computation of Mr. Goodface's federal sentence under 18 U.S.C. § 3585.

### III.  CONCLUSION

In summary, the Court finds that Mr. Goodface is not entitled to habeas relief and will deny the Application.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed with prejudice.

**DATED** July 1, 2019.

**BY THE COURT**:

*[signature]*

R. Brooke Jackson
United States District Judge